The Disciplinary Review Board having filed with the Court its decision in 16-341, concluding that as a matter of reciprocal discipline pursuant to Rule 1:20-14(a)(4), CHRISTOPHER J. BASNER of MAPLE SHADE, who was admitted to the bar of this State in 2008, should be suspended from the practice of law for a period of two years for violating RPC 1.1(a) (gross neglect); RPC 1.1(b) (pattern of neglect); RPC 1.3 (lack of diligence); RPC 1.4(b) (failure to communicate with a client): RPC 1.4(c) (failure to explain a matter to a client to the extent reasonably necessary to permit the client to make informed decisions regarding the representation); RPC 1.5(b) (failure to set forth in writing the basis or rate of fee); RPC 1.15(d) (failure to comply with recordkeeping rules); RPC 1.16(a)(1) (failure to withdraw when the representation will result in a violation of the RPC s); RPC 1.16(d) (on termination of representation, failure to take steps reasonably practicable to protect a client's interests); RPC 3.1 (asserting an issue with no basis in law or fact); RPC 3.2 (failure to expedite litigation); RPC 3.3(a)(1) (false statement of material fact or law to a tribunal); RPC 8.1(b) (failure to cooperate with disciplinary authorities); RPC 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation); and RPC 8.4(d) (conduct prejudicial to the administration of justice);
And the Disciplinary Review Board further having determined that prior to reinstatement to practice, respondent should provide proof of his fitness to practice and that following reinstatement, respondent should provide quarterly reports to the Office of Attorney Ethics of his continuing psychological counseling;
**165 And the Court having determined on its own motion, pursuant to Rule 1:20-16(b), to review the matter; and having ordered respondent to show cause why he should not be disbarred or otherwise disciplined;
And good cause appearing;
It is ORDERED that CHRISTOPHER J. BASNER is suspended from the practice of law for a period of two years and until the further Order of the Court, effective immediately; and it is further
ORDERED that prior to reinstatement to practice respondent shall provide proof of his fitness to practice prior to this reinstatement, and on reinstatement, he shall provide to the Office of Attorney Ethics quarterly reports documenting his continued psychological counseling until the further Order of the Court; and it is further
ORDERED that respondent comply with Rule 1:20-20 dealing with suspended attorneys; and it is further
ORDERED that pursuant to Rule 1:20-20(c), respondent's failure to comply with the Affidavit of Compliance requirement of Rule 1:20-20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of RPC 8.1(b) and RPC 8.4(d) ; and (3) provide a basis for an action for contempt pursuant to Rule 1:10-2; and it is further
ORDERED that the entire record of this matter be made a permanent part of *349 respondent's file as an attorney at law of this State; and it is further
ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in Rule 1:20-17.